## Ira Barton, Judge of Probate, *versus* Levi Rice *et al.*

Where a note was given by a son for money received by him of his father, it was *held*, under Revised Stat. c. 61, § 9, that oral testimony was inadmissible to prove that the money so received was an advancement.

Debt on an administration bond. The case was referred to Abijah Bigelow Esq. to state the amount for which the de-

ιendants were chargeable on the bond. By his report it appeared, that Levi Rice senior died in March, 1837, intestate ; that his son, Levi Rice, one of the defendants, was soon after appointed administrator on the estate of the deceased, and gave the bond now in suit, with·the other defendants as his sureties ; and that among other things inventoried by the administrator was his own note for the sum of $ 131, dated August 4, 1836, payable to the intestate, on demand, with interest ; that this note was now in the hands of Ebenezer Frost, the present administrator ; and that the principal question between the parties was, whether the defendants were responsible for this note, or whether it should not be considered as an advancement to the son.

It was agreed by the parties, that the widow of the intestate would testify, if the Court should think the evidence admissible, that the intestate took the note of his son for money which he let him have ; and that he told his son that he should never call for the money, and that he, the son, must never expect any more out of the intestate's estate. There was no evidence in writing, tending to show that the money so received by the son, was intended as an advancement.

*Washburn*, for the defendants, cited Revised Stat. *c.* 61, § 9 ; *Paine* v. *Parsons*, 14 Pick. 318.

*Torrey* and *Wood*, for the plaintiff.

*Oct. 5th.*

WILDE J.delivered the opinion of the Court. The defendants object to a charge allowed by the auditor against Levi Rice, one of the defendants, it being the amount of a note given by him to Levi Rice, his father, the intestate. It is contended, that he is not responsible for this note, but that it ought to be considered as an advancement to the son. There was however no evidence, that it was so intended ; and the note itself is clearly evidence of a debt. Oral testimony is clearly inadmissible to prove an advancement ; which must be proved in the manner prescribed in the Revised Stat. *c.* 61, § 9. That provides, "that all gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such, by the child or other descendant." The statute does

*Oct. 7th.*

Barton
v.
Rice.

not expressly declare that an advancement shall not be proved in any other manner, but that undoubtedly is the meaning of the statute.  *Ashley, Appellant,* 4 Pick. 24.

This case is not analogous to that of *Paine* v. *Parsons,* 14 Pick. 318.  The question in that case was, whether the evidence stated was sufficient to prove the ademption *pro tanto* of a legacy.

*Exception overruled.*